[No. 3,553.]

## IN THE MATTER OF THE ESTATE OF JANE N. MOUL-TON, DECEASED.

APPLYING SPECIAL BEQUEST TO PAYMENT OF DEBTS.---If the Probate Court
    makes an order applying the proceeds of the sale of a special bequest,
    made by the testator, to the payment of a debt, the executors cannot
    object that there are other special bequests besides that thus applied.
IDEM.---If a special bequest is applied to the payment of a debt, and there
    are other special bequests, the remedy of the one whose special bequest
    is thus applied, is to seek contribution from the others.
IDEM.---If the real estate has been sold, and if an order is made by the Pro-
    bate Court applying the proceeds of a special bequest of personal
    property to the payment of a debt, it will be assumed that the personal
    estate not specially bequeathed had been thus applied, and that it was
    necessary thus to apply the proceeds of the special bequest, if the
    record does not show the contrary.
IDEM.--When the Probate Court makes an order applying the proceeds of a
    special bequest to the payment of a debt, and the will is not in the
    record, it will not be assumed that the Probate Court erred, in adjudg-
    ing that the intention of the testator could be carried into effect, and
    yet sell the special bequest.

APPEAL from the Probate Court of the City and County
of San Francisco.

Upon the application of J. P. Dinsmore, as assignee of
a claim of two hundred and eighty-seven dollars for medi-
cal services, held by one Fraser against the estate of the
deceased, and which had been allowed, the executors of
the estate were directed to show cause why they should not
pay the claim out of certain money in their hands, the pro-
ceeds of the sale of a specific bequest (household furniture),
made by the deceased to one A. J. Quick. After a hearing
of the cause, at which the facts stated in the opinion were
elicited—and also the facts that the whole amount of the
expenses of the sickness of the deceased as allowed, in-
cluding Fraser's claim, was one thousand one hundred and
seven dollars and thirty-three cents, none of which had
been paid; that the funeral expenses had been paid; that
the time for the presentation of claims had expired; that
there was no property in the hands of the executors for the

payment of the expenses aforesaid, except the legacies and devises, and that the bequest to Quick had been sold by his consent for eight hundred and ninety dollars and thirty-seven cents, the money being in the hands of the executors—the Court ordered that the eight hundred and ninety dollars and thirty-seven cents be applied to the payment of a dividend, in proportion to his claim, to each creditor, on account of the last sickness of the deceased, with interest on each claim from the date of its approval.

The executors appealed.

*Barstow, Stetson* and *Houghton*, for Appellant, argued that the Court erred in applying the special bequest to the payment of the debts, because, as they contended, there was other personal property not specially bequeathed, which should be first applied, and because there were other special legacies, and one legatee should not be called on to pay all the debts; and cited 2 Redfield on Wills, 584 Sec. 4; 1 Rober on Legacies, 315; *Merseraux* v. *Ryeras*, 3 Comst. 261; *Snow* v. *Cullum*, 1 De Sassure, 542; *Sleech* v. *Thornington*, 2 Ves. Sen. 562; Estate of Woodworth, 31 Cal. 605; Probate Act, Secs. 151, 180.

*S. P. Holway*, for Respondent, argued that, the executors could not complain, and that Quick, if his legacy was taken, could apply for a contribution from the other legatees, and that, if the Court was of opinion that a special bequest could be sold, and still the intention of the testator carried out, there was no error in doing so, and cited Probate Act, Sec. 180; Estate of Woodworth *supra; Abila* v. *Burnett*, 333 Cal. 667.

By the Court, McKINSTRY, J.:

If the order appealed from is proper in other respects, the executors cannot complain that there are other special bequests than that which the petitioner seeks to have applied to the payment of his claim. If there are other legatees, the remedy of him whose bequest is applied to the claim is to seek contribution from the others. (Probate Act, Sec. 181.)

It appears that on petition of the executor, the real estate of the testatrix had been sold. This would only have been done when the personal estate was insufficient to pay the outstanding debts, etc. (Sec. 154.) It must be assumed that the residue of the personal estate had been applied to the payment of the debts, and that when the order appealed from was made, it was necessary to apply the proceeds of the articles specially bequeathed. (Sec. 151.)

It is true that it appears that there was due to the estate from the estate of B. F. Moulton, deceased, as a family allowance, the sum of two thousand four hundred dollars; and that in the opinion of one of the executors, "there is every reason to believe that there is ample in said estate of B. F. Moulton to pay such family allowance." But this was a matter to be decided by the opinion of the Probate Court, and that Court found, as a fact, that there was no available property to pay the expenses of the last sickness of the deceased, which included the claim of the petitioners.

There is no copy of the will in the transcript. Special legacies are exempted from liability for the payment of debts, "if it shall appear to the Court necessary to carry into effect the intention of the testator, if there shall be other sufficient estate." (Probate Act, Sec. 180.)

Supposing that there was other sufficient estate, we cannot assume error on the part of the Probate Court in adjudging that it was not necessary to exempt the property specially bequeathed in order "to carry into effect the intention of the testator."

Order affirmed.